Petitioner was a former employe of the city of Trenton, in the department of public works; and alleges that he suffered an injury in 1927 which would entitle him to an award under the Workmen's Compensation act. The injury, if it occurred, happened not later than September 24th, 1927. September 26th, 1928, he filed a petition with the workmen's compensation bureau. At the hearing thereon the city of Trenton moved to dismiss the petition on the ground that it was not filed within the one-year period specified by the statute.
Petitioner, in this present suit, seeks to have the city of Trenton enjoined from having the workmen's compensation petition dismissed on that ground, or from raising the objection that the petition was not filed within the statutory period of one year, alleging facts contended to operate as an equitable estoppel against such a course by the city.
This proceeding should, of course, be by bill instead of petition and order to show cause. That defect could be *Page 376 
cured by amendment, and the present order to show cause treated as an order to show cause for pendente lite restraint; hence, the matter will here be dealt with as if that were the situation.
It is argued in behalf of the city that the filing of the petition with the compensation bureau within the one-year period is jurisdictional; that the petition not having been filed within the year, the compensation bureau is without jurisdiction. If that be so, it would seem that an injunction by this court restraining the city from pleading the one-year bar would be without effect to confer jurisdiction on the bureau.
That question need not now be considered, however. The petitioner's allegation is that "he would have filed his petition with the workmen's compensation bureau within the time allowed by law * * * had it not been that the said workmen's compensation bureau advised and directed him to await the action of the said bureau and the city of Trenton `in arranging an informal hearing.'"
Assuming for present purposes that the workmen's compensation bureau did advise and direct petitioner as he alleges (which is denied by the board), and assuming that such alleged conduct would be operative to raise an equitable estoppel if it had been conduct on the part of the city, it is evident that such conduct by the board cannot be attributable to the city (there is no allegation or intimation that it was done by the city's direction or suggestion), and cannot raise an estoppel against the city.
The bar of the limitation period in the statute is imposed by the legislature for the benefit of a defendant — in this case the city of Trenton. If, by reason of any conduct by the compensation bureau (which, I repeat, is denied by the board), petitioner was induced or caused to withhold filing his petition until after the year expired, that was not the fault of the city, and affords no ground to warrant depriving the city of its rights.
There is nothing in the petition or affidavits to show that the city ever took any step or did any act, by itself or by any *Page 377 
authorized agent, which could be deemed an acquiescence in any extension of time for petitioner to file his petition, nor which could possibly be deemed to have led or caused petitioner to wait over the year. The most that is shown is a letter by the engineer of streets to the compensation bureau, containing the following:
"If under the circumstances you think it advisable to hold an informal hearing, I should be glad to have the city's side of the matter presented."
Obviously this constitutes no waiver of the city's rights, nor any inducement to Craft to fail to file his petition.
It is obvious, therefore, that petitioner could not be successful on final hearing, if the bill were amended. Hence, the order to show cause will be discharged, and the temporary restraint dissolved; and the petition will be dismissed on motion of defendant, but without costs.